JOHN H. BARTLETT, DECEASED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bartlett v. Commissioner
Docket No. 28675-83.
United States Tax Court
T.C. Memo 1989-230; 1989 Tax Ct. Memo LEXIS 230; 57 T.C.M. (CCH) 370; T.C.M. (RIA) 89230; May 11, 1989. Randall B. Pooler, for the respondent. *231 FAY
MEMORANDUM OPINION FAY, Judge: This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) of the Code [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: Respondent determined a deficiency of $ 7,100 in petitioner's 1981 Federal income tax, and additions to tax of $ 3,550 under section 6653(b), and of $ 13 under section 6654. Respondent also moved for damages under section 6673. On July 13, 1984, respondent filed a motion for judgment on the pleadings which this Court, pursuant to Rule 120(b), treated as a motion for summary judgment under Rule 121. On November 28, 1984, an order and decision was entered granting summary judgment in favor of respondent *232 for the amount of the deficiency, the additions to tax, and damages under section 6673. Petitioner appealed to the Court of Appeals for the Eleventh Circuit which rendered an unpublished per curiam opinion affirming in part and vacating in part our order and decision. The case was remanded for further proceedings in accordance with the court's opinion. [2]
*233 The issues whereon the order and decision of this Court was vacated concern the addition to tax for fraud under section 6653(b) and the damages awarded under section 6673. The facts, briefly stated, are that during 1981, petitioner was employed as a construction worker for the Joseph A. Schlitz Brewing Company (Schlitz). Petitioner was a member of the Keystone Society, an organization which espoused the belief that wages did not constitute taxable income. During 1981, petitioner earned wages of $ 29,194. He submitted tax protester documents in lieu of a proper Federal income tax return for 1981. The purported return consisted of: (1) A Form 1040, on which petitioner reported zero income; (2) a Form W-2, which was marked "incorrect;" and (3) a document entitled "Affidavit," wherein petitioner stated that the amounts shown on the Form W-2 were not includable in income. Attached to the "Affidavit" was a statement captioned "Request for Corrected Form W-2 Wage and Tax Statement," addressed to Schlitz requesting correction of the Form W-2 and refund of the taxes withheld. Prior to 1981, petitioner had filed proper Federal income tax returns reporting as income the wages he earned *234 in those years. In addition, in 1982, petitioner submitted a Form W-4, Employee's Withholding Exemption Certificate, to Schlitz, claiming he owed no Federal income tax for 1981, and that he expected a full refund of all Federal income taxes withheld for that year. In granting summary judgment in favor of respondent, this Court held that there was no genuine issue of material fact, and that respondent was entitled to prevail as a matter of law with respect to the deficiency, the addition to tax for fraud under section 6653(b), and the addition to tax for underpayment of estimated tax under section 6654. The Court further held that the United States was entitled to damages under section 6673 in the amount of $ 5,000. In its per curiam opinion, the Eleventh Circuit stated: Appellant is a tax protester. His core contention that his wages do not constitute income is frivolous. The government concedes in this court, however, that a judgment on the pleadings on a disputed issue of fraud is inappropriate. The award for the fraud penalty under section 6653(b) must therefore be vacated. Similarly, the government concedes that the damage award under section 6673 should be vacated pending *235 resolution of the fraud issue on remand. We conclude that in all other respects the decision of the Tax Court is due to be affirmed. The issues on remand, therefore, are the addition to tax for fraud under section 6653(b) and damages under section 6673. Section 6653(b) provides that, if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment for each year is due to fraud. Section 7454(a); Rule 142(b); ; . Respondent sustains his burden if it is shown that the taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. ; , affg. a Memorandum Opinion of this Court; *236 . The existence of fraud is a question of fact to be resolved upon consideration of the entire record. , affd. without published opinion . Fraud is never presumed, but rather must be established by affirmative evidence. . Circumstantial evidence is permitted where direct evidence of fraud is not available. ; ; . Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. . The precise amount of underpayment resulting from fraud need not be proved. . The statute requires only a showing that "any part" of an underpayment results from fraud. However, *237 respondent must show fraud resulting in an underpayment for each taxable year in which fraud has been determined. In this case, the evidence clearly and convincingly establishes that petitioner fraudulently underpaid his taxes during the year at issue. He properly filed returns for years prior to 1981. However, the documents he submitted for 1981 clearly did not constitute a return within the meaning of section 6011 and the regulations thereunder. See ; ; . In addition, petitioner filed a Form W-4 in early 1982 in which he falsely claimed that he was exempt from withholding because he was not liable for income taxes for 1981, and that he expected a full refund of all taxes withheld for 1981. While a failure to file is not conclusive evidence of fraud, it is a factor worthy of consideration, particularly when coupled with the submission of a false Form W-4. ; . *238 Petitioner was clearly aware of his obligation to file proper income tax returns, as evidenced by his filing returns for prior years in which he reported his wages as taxable income. It is also clear that he knowingly and wilfully failed to fulfill such obligation for 1981. See ; . Based on the record, the Court finds that respondent has, by clear and convincing evidence, proved an underpayment of petitioner's tax for 1981 and that some portion of same was due to fraud. Accordingly, respondent's determination as to the addition to tax under section 6653(b) is sustained. With respect to the issue of damages under section 6673, that section provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. * * *239 * This Court has been faced with numerous cases, such as this one, where taxpayers have advanced frivolous and groundless positions in a blatant attempt to avoid their responsibility to pay their Federal income taxes. While we are normally reluctant to award section 6673 damages in fraud cases, the record in this case establishes that petitioner had no interest in disputing either the deficiency or the additions to tax determined by respondent. Petitioner in this case has abused the processes of this Court and wasted its resources. On the basis of the record, the Court concludes that the proceedings herein were instituted primarily for delay, and that petitioner's position is both frivolous and groundless. This Court accordingly awards damages to the United States in the amount of $ 5,000. [3]
Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The case was calendared for trial at Tampa, Florida, on April 27, 1988. At the call of the calendar, no one appeared for petitioner, and the Court was advised by respondent that petitioner died on November 15, 1986. Respondent advised the Court that petitioner's surviving spouse had been contacted and had advised respondent that neither she nor petitioner's heirs would be present for the trial. Respondent was allowed to present his case, which the Court took under advisement. On September 19, 1988, the Court ordered respondent, pursuant to , to file with the Court, insofar as reasonably ascertainable, the names and addresses of petitioner's heirs at law in order that this case could proceed. In a report, respondent advised the Court of having communicated with petitioner's surviving spouse, Mary Ann Bartlett; that she advised respondent that neither she nor the heirs at law would proceed with the litigation of this case; and that Mrs. Bartlett declined to provide respondent with the names and addresses of petitioner's heirs. Respondent further advised that the revenue agent and officer assigned to this case were without knowledge of petitioner's heirs. Respondent reported that petitioner was believed to have died intestate, and that no proceedings had been instituted for the administration of his estate or the recognition of his heirs. On December 15, 1988, petitioner's surviving spouse was ordered to show cause, in writing, on or before January 12, 1989, why the case should not be submitted on the existing record for opinion and disposition. On January 12, 1989, the Court received a letter from Mrs. Bartlett advising that her attorney would be "out of the country" until the "15th of this month. At that time I will have him contact you." The Court has not received any entry of appearance from any attorney nor has the Court heard further from either Mrs. Bartlett or her attorney. In the interim between the two orders issued in this case, the Court participated in a telephone conference call with Mrs. Bartlett, arranged by respondent, in which the Court advised Mrs. Bartlett of possible exposure to liability in this case and encouraged her to either participate in the trial of the case or seek the advice of counsel.↩
3. See , where damages were awarded under section 6673 in a case involving the addition to tax under section 6653(b).↩